O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SUE KORESMAROS-WATFORD, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Case No. ED CV 13-1663 JCG <br><br> **MEMORANDUM OPINION AND ORDER** |

    Candace Sue Koresmaros-Watford ("Plaintiff") challenges the Social Security Commissioner ("Defendant")'s decision denying her application for disability benefits.[1] Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected her subjective complaints. (*See* Joint Stip. at 4-17, 25-26.) The Court addresses, and rejects, Plaintiff's contention below.

    A.    <u>The ALJ Properly Evaluated Plaintiff's Subjective Complaints</u>

    An ALJ can disregard a claimant's subjective complaints if she expresses clear and convincing reasons for doing so. *Benton ex rel. Benton v. Barnhart*, 331

---

[1] Plaintiff's application covers a period from May 3, 2007 to September 30, 2009, her date last insured. (*See* Joint Stip. at 2.)

F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Here, the ALJ properly rejected Plaintiff's subjective complaints. Three reasons guide this determination.

First, the ALJ found that Plaintiff's subjective complaints are inconsistent with her work history. (*See* Administrative Record "AR" at 28); *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (inconsistency between claimant's testimony and conduct supported rejection of her credibility); *Drouin v. Sullivan*, 966 F.2d 1255, 1258 (9th Cir. 1992) (ALJ properly considered claimant's ability to engage in *some* work in assessing credibility). Indeed, from February 2009 through April 2010, Plaintiff worked as a weekend manager at a mobile home park. (AR at 67.) There, she worked eight hours a day, for two days a week. (*Id.* at 224.) Plaintiff was required to walk and stand for up to six hours per day. (*Id.*) Further, her duties included cleaning, dealing with residents, and monitoring premises safety. (*Id.*) These activities are clearly inconsistent with Plaintiff's testimony that her impairments precluded housework, and if she stood for five minutes, she would have to sit and rest for twenty. (*Id.* at 52-53.)

Second, the ALJ relied upon Plaintiff's conservative treatment record. (*See id.* at 32); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (conservative treatment can discount the severity of symptoms). Indeed, Plaintiff's treatment was limited to steroid injections, prescription medication, diet modification, smoking cessation, and home exercises. (AR at 32, 258, 490, 1159-60.) Moreover, Plaintiff reported that her condition improved from the injections, medications controlled her low back pain, and she was pleased with her improved quality of life. (*Id.* at 32, 259); *see Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of

determining eligibility for SSI benefits.").[2/]

Third, the ALJ found that Plaintiff's subjective complaints and alleged limitations are out of proportion with the objective clinical findings. (AR at 32); *see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (Inconsistencies with objective evidence, when combined with other factors, is a valid reason for rejecting a claimant's testimony.). In particular, the evidence of record shows that Plaintiff had "normal muscle bulk in the lower extremities, intact cranial nerves, 5/5 muscle strength, normal sensations, no edema or cyanosis in her extremities, steady ambulation without assistance, normal left and right radial pulses, and she was reported as neurologically normal. (*See* AR at 32, 278-81.) While Plaintiff may have a different interpretation of the record, the ALJ's evaluation was supported by substantial evidence and thus, it must be upheld. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation," the Commissioner's conclusion must be upheld.).

Accordingly, the ALJ properly rejected Plaintiff's subjective complaints.

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

Dated: February 20, 2015

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

---

[2/] Plaintiff testified that her condition worsened in April 2010, and she had surgery in June 2010. (AR at 32, 52.) However, to establish a disability here, Plaintiff must show that her condition became disabling *within* the relevant period of inquiry.